JUSTIN S. BARRETT *vs.* ALFRED BRUFFEE.

Hampden.　　September 23, 1902. — October 31, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Evidence,* Remoteness. *Conversion.*

In an action for the alleged conversion of $200 intrusted by the plaintiff to the defendant for safe keeping, evidence that at the time of the conversion the defendant owed the plaintiff $100, is inadmissible as too remote.

LATHROP, J. This is an action of tort for the conversion of $200. At the trial there was evidence tending to show that the

plaintiff, at the defendant's suggestion, intrusted a pocket book, containing $200, to the defendant, who put it in his safe and apparently locked the door, and that the next morning the safe was found open, the pocket book on the floor, and the money gone. The judge, before whom the case was tried without a jury, found for the plaintiff; and the defendant alleged exceptions to the admission of two pieces of evidence. We treat one of these as waived, as it was not argued.

The remaining exception raises the question whether the judge was right in admitting evidence that, at the time of the conversion, the defendant was indebted to the plaintiff in the sum of $100. We have examined the numerous cases cited by the respective counsel, and are of opinion that the evidence was improperly admitted. The case which comes the nearest to the one at bar is *Agawam Bank* v. *Sears*, 4 Gray, 95, 98. In that case, which was an action on a promissory note, against the maker and sureties, to which the defence by the sureties was that the maker had altered the note before negotiating it, it was held that evidence that the maker was in embarrassed circumstances at the time he negotiated the note was inadmissible. It was said by Mr. Justice Dewey: " The embarrassed circumstances of a debtor furnish no presumption that he would make a fraudulent alteration of a note in his hands. To admit such evidence would do great injustice to the honest, but unfortunate debtor." If evidence of embarrassed circumstances is inadmissible, clearly evidence of a single debt would be.

The question in this class of cases is whether the collateral fact sought to be proved is so closely connected with the question at issue that an inference may fairly be drawn from the collateral fact of the conclusion sought to be established. As was said by Chief Justice Bigelow, in *Commonwealth* v. *Jeffries*, 7 Allen, 548, 566, where the court went as far as it has ever gone, in admitting evidence of a man's pecuniary condition at the time of an alleged offence: " To render evidence of collateral facts competent, there must be some natural, necessary or logical connection between them and the inference or result which they are designed to establish. It does not follow because a man is destitute that he will steal, or that when embarrassed with debt and incapable of meeting his engagements he will commit forgery.

The conclusion in such cases is too remote and uncertain a deduction to be legitimately drawn from the premises." This language applies to the case at bar, and is conclusive of it.

*Exceptions sustained.*

*E. H. Young*, for the defendant.
*E. H. Lathrop*, for the plaintiff.

RANSOM C. TAYLOR *vs.* JACOB L. GODING.

Worcester.    September 29, 1902. — October 31, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Evidence*, Extrinsic affecting writings.  *Landlord and Tenant.*

The lessee of a store, sued for rent upon a lease in writing, cannot vary and contradict the instrument by showing an oral agreement made between the parties before the execution of the lease that if during the term the lessee should take from the lessor a lease of another store and should vacate the first one the lessor would surrender all his rights under the first lease.

LATHROP, J.    This is an action of contract on a written lease of a store, to recover rent for the last five months of the term. The answer sets up an oral agreement made by the parties before the execution of the lease, that if, during the term, the lessee should take a lease of another store of the lessor, and should vacate the store first leased, the lessor would thereupon surrender all right under the original lease, and the lessee would be under no further liability thereon; that the lessee, relying upon the oral agreement and induced thereby, took a lease of another store of the plaintiff, and vacated the store first leased, before the beginning of the period of five months.

To this answer the plaintiff demurred on the ground that the oral agreement contradicted and altered the terms of the written lease, and would be inadmissible in evidence; and that it was no legal defence to the action upon the lease. The Superior Court sustained the demurrer, and ordered judgment for the plaintiff; and the case is before us on the defendant's appeal.

We are of opinion that the oral agreement set up in the answer

contradicted and altered one of the express terms of the written contract, namely; that relating to the payment of rent; and that therefore the answer set up no defence. *Merrigan* v. *Hall*, 175 Mass. 508, and cases cited. The case is not one of a collateral oral agreement as to a matter not mentioned in the written agreement, and not contradictory of it; and therefore does not fall within *Durkin* v. *Cobleigh*, 156 Mass. 108.

*Judgment affirmed.*

*R. Hoar*, for the defendant.
*G. S. Taft*, for the plaintiff.